**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-22871-BLOOM/Louis**

ECAPITAL CORP.,

    Plaintiff,

v.

THE GLOBAL LOGISTICS
SOLUTIONS GROUP, LLC,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff ECAPITAL CORP.'s Motion for Default Final Judgment, ECF No. [12] ("Motion"), pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant THE GLOBAL LOGISTICS SOLUTIONS GROUP, LLC ("Defendant"). A Clerk's Default was entered against Defendant on August 26, 2020, because Defendant failed to answer or otherwise respond to the Complaint, despite having been properly served. ECF Nos. [5] & [6]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

### INTRODUCTION

Plaintiff initiated this action on July 13, 2020, alleging a claim against Defendant for breach of contract. ECF No. [1]. The Complaint alleges that Plaintiff is in the factoring business, which involves the purchase of accounts receivable at a discount from businesses. *Id.* ¶ 7. On or about March 9, 2018, Plaintiff and Defendant entered into a written Factoring Master Agreement, which incorporated by reference the Factoring Agreement Terms and Conditions, a copy of which was provided to Defendant and is also published at terms.ecapital.com (collectively, the "Factoring

Agreement") whereby, among other things, Plaintiff agreed to purchase eligible accounts from Defendant under an agreed-upon formula. *Id.* ¶ 9; *id.* at 5-33. Plaintiff purchased accounts from Defendant arising from the services that Defendant rendered for its customers. *Id.* ¶ 10. Defendant breached the Factoring Agreement by, among other things, failing to pay amounts when due and suspending or discontinuing its business. *Id.* ¶ 14. Plaintiff has been damaged by Defendant's conduct. *Id.* ¶ 17.

In its Motion, Plaintiff seeks the entry of final default judgment against Defendant on its claim against Defendant for breach of contract.

## DISCUSSION

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ. P. 55(b). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

**A.    The Claim**

Plaintiff's Complaint sufficiently alleges facts which demonstrate a claim for breach of contract against Defendant. The elements of a breach of contract action are (1) a valid contract, (2) a material breach, and (3) damages. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

Here, Plaintiff alleged that the parties entered into a written agreement, ECF No. [1] ¶ 9; *id.* at 5-33, Defendant breached that agreement by certain actions and inactions, *id.* ¶¶ 14, 15, and Plaintiff has been damaged as a result, *id.* ¶ 17. Based on these allegations, Plaintiff has clearly satisfied the elements of a claim for breach of contract against Defendant and is entitled to default final judgment on this claim.

**B.     Damages**

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). As demonstrated by the affidavit of Kenneth Judd attached to the Motion, Plaintiff seeks a sum certain from Defendant in the amount of $306,336.36, which represents the total buyout amount owed under the Factoring Agreement. Plaintiff also requests pre- and post-judgment interest. Plaintiff reserves its rights to file the appropriate motion and supporting documents seeking taxation of attorneys' fees and costs pursuant to Local Rule 7.3.

Because Plaintiff seeks a sum certain that is verified by the affidavit of Kenneth Judd attached to the Motion, ECF No. [12-1] ¶ 20; *id.* at 37-40, the Court finds that Plaintiff is entitled to default final judgment on its claims in the amount of $306,336.36, plus pre-judgment and post-judgment interest.

| **Time Period** | **Statutory Rate Per Annum** | **Daily Rate** | **Number of Days** | **Total Amount** |
|---|---|---|---|---|
| 7/13/20 to 9/14/20 | 6.03% | 0.017260% | 63 | $5,287.37 |

In calculating the prejudgment interest, the Court applied the Florida statutory rate. *See* Fla. Stat. 55.03; *see also* Current Judgment Interest Rates, available at

https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (last visited Sept. 3, 2019); *see also* Fla. Stat. § 55.03 (setting the statutory interest rates as those published by Florida's Chief Financial Officer).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, **ECF No. [12],** is **GRANTED**.

2. Within thirty (30) days of the date of entry of this Order, Plaintiff's counsel shall submit the affidavit(s), compliant with Local Rule 7.3(a), specifying the hours worked, time records, associated billing rates, and proposed total amount of requested attorney's fees, and costs.

3. Pursuant to Federal Rule of Civil Procedure 58, Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

The Global Logistics Solutions Group, LLC
c/o Hector Flores
2620 Noble Canyon Road
Chula Vista, CA 91915